UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| ) | Civil Action No. 2:22-cr-00256-BHH |
| ) | |
| v. ) | **Opinion and Order** |
| ) | |
| Warren Lamar Forrest, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on Warren Lamar Forrest's ("Defendant") motion to dismiss the indictment pursuant to Federal Rule of Criminal Procedure 12. (ECF No. 64.) For the reasons set forth below, the Court denies Defendant's motion to dismiss.

**I.	Background**

Defendant Warren Lamar Forrest was charged under 18 U.S.C. § 922(g)(1) with knowingly possessing a firearm and ammunition after previously being convicted of a felony. (ECF No. 24.) Defendant now moves to dismiss the indictment on the ground that 18 U.S.C. § 922 (g)(1) is "facially unconstitutional because it violates [Defendant]'s right to keep and bear arms as protected by the Second Amendment." (ECF No. 64 at 1.) Defendant also argues that the "statute is unconstitutional as applied to him." (*Id.*) The Government filed a response in opposition, arguing that "the Second Amendment's protections do not extend to possession of firearms by felons" and that § 922(g)(1) is constitutional because it is consistent with this Nation's "historical tradition of firearm regulation." (ECF No. 68 at 1.) This matter is ripe for the Court's review.

## II. Legal Standard

### A. Federal Rule of Criminal Procedure 12(b)(3)

Federal Rule of Criminal Procedure 12(b)(3) allows a defendant to move before trial to dismiss an indictment when there is "a defect in the indictment ... including: (v) failure to state an offense." Defendant argues that 18 U.S.C. § 922(g)(1), the basis of count I in the three-count indictment, is unconstitutional; therefore, the indictment must be dismissed. Even though Defendant failed to cite a specific provision of Rule 12, since his motion is a pretrial motion alleging a substantive defect, the Court construes Defendant's motion as if made under Rule 12(b)(3).

### B. Second Amendment

The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend II. In *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. ––––, 142 S. Ct. 2111, 2126 (2022), the Supreme Court explained the appropriate standard for analyzing claims under the Second Amendment:

> [W]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation.

## III. Discussion

"[W]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *Bruen*, 142 S. Ct. at 2126. Stated differently, the Constitution does not protect conduct that is not covered by the Second Amendment's plain text. To determine whether the Second Amendment's plain text

...

covers conduct, the Supreme Court has "relied on the historical understanding of the Amendment to demark the limits of the exercise of that right." *Id.* at 2128.

This Court must "assess whether modern firearms regulations are consistent with the Second Amendment's text and historical understanding." *Id.* at 2131. Fortunately, "[i]n some cases, that inquiry will be fairly straightforward." *Id.* When "demark[ing] the limits on the exercise of that right," *id.* at 2128, the Supreme Court reasoned that "nothing in our opinion should be taken to cast doubt on the longstanding prohibitions on the possession of firearms by felons."[1] *Dist. of Columbia v. Heller*, 554 U.S. 570, 626 (2008). Although not central to its holding,[2] this reasoning in *Heller* indicates that a firearm regulation prohibiting the possession of firearms by felons is consistent with the Second Amendment's text and historical understanding. In fact, laws prohibiting felons from possessing firearms was the Supreme Court's first example of a "presumptively lawful regulatory measure[ ]." *Id.* at 626 n.26. By distinguishing non-law-abiding citizens from law-abiding ones, the dicta in *Heller* clarifies the bounds of the plain text of the Second Amendment. This, coupled with the majority of the Supreme Court's focus in *Bruen* on the Second Amendment rights of "law-abiding citizens" throughout the opinion convinces this Court that the Supreme Court would conclude that 18 U.S.C. § 922(g)(1) does not

---

[1] In his concurrence in *Bruen*, Justice Kavanaugh echoed *Heller*'s assurance by directly quoting this sentence. *See Bruen*, 142 S. Ct. at 2162.

[2] Although this Court is "not bound by dicta or separate opinions of the Supreme Court[,]" *Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 406 (4th Cir. 2005), it should "give great weight to Supreme Court dicta." *N.L.R.B. v. Bluefield Hosp. Co., LLC*, 821 F.3d 534, 541 n.6 (4th Cir. 2016). This Court "cannot simply override a legal pronouncement endorsed by a majority of the Supreme Court, particularly when the supposed dicta is recent and not enfeebled by later statements." *Hengle v. Treppa*, 19 F.4th 324, 347 (4th Cir. 2021) (internal quotation marks and alterations omitted); *see also Manning v. Caldwell for City of Roanoke*, 930 F.3d 264, 282 (4th Cir. 2019) (explaining courts must give deference to dicta and separate opinions of the Supreme Court because "[r]espect for the rule of law demands nothing less: lower courts grappling with complex legal questions of first impression must give due weight to guidance from the Supreme Court, so as to ensure the consistent and uniform development and application of the law.").

infringe on any Second Amendment rights. *See Bruen*, 142 S. Ct. at 2134 ("It is undisputed that petitioners Koch and Nash—two ordinary, law-abiding, adult citizens—are part of 'the people' whom the Second Amendment protects"); *id.* at 2156 ("New York's proper-cause requirement violates the Fourteenth Amendment in that it prevents law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms.").

Defendant brings a facial challenge and an as-applied challenge to 18 U.S.C. § 922(g)(1), which prohibits any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . [from] possess[ing] in or affecting commerce, any firearm or ammunition." A facial challenge requires Defendant to "establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). "An 'as-applied' challenge consists of a challenge to a regulation's application only to the party before the court." *Newsome ex rel. Newsome v. Albemarle Cnty. Sch. Bd.*, 354 F.3d 249, 257 n.4 (4th Cir. 2003) (citing *City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750, 758–59 (1988)).

Based on the reasoning set forth above, the Court finds that 18 U.S.C. § 922(g)(1) is valid and consistent with the Second Amendment's text and understanding on its face and as applied to Defendant. In other words, the Court finds that the right of a felon, including Defendant, to possess a firearm is not a right secured by the Second Amendment.

Unsurprisingly, many other courts in this Circuit have reached the same conclusion when faced with a constitutional challenge to 18 U.S.C. § 922(g)(1) post-*Bruen. See, e.g., United States v. Knowlin*, No. 2:23-cr-00532-RMG-1, 2023 WL 6143458, at *2 (D.S.C.

Sept. 23, 2023) (holding the right of felon to possess a firearm is not a right secured by the Second Amendment and denying defendant's motion to dismiss based on a facial and as-applied challenge to 18 U.S.C. § 922(g)(1)); *United States v. Hughes*, No. 2:22-cr-00640-DCN-1, 2023 WL 4205226, at *6 n.11 (D.S.C. June 27, 2023) (finding that "at least twenty district courts in the Fourth Circuit have found § 922(g)(1) constitutional since *Bruen* was decided") (collecting cases); *United States v. Smith*, No. 2:23-CR-00363-RMG-1, 2023 WL 5311490, at *2 (D.S.C. Aug. 16, 2023) (denying defendant's motion to dismiss based on the unconstitutionality of 18 U.S.C. § 922(g)(1)); *United States v. Ingram*, 623 F. Supp. 3d 660, 664 (D.S.C. 2022) (same); *United States v. Riley*, 635 F. Supp. 3d 411, 424 (E.D. Va. 2022) (finding that "[a] plain reading of the text demonstrates that 'the people' remains limited to those within the political community and not those classified as felons.").

## IV.   Conclusion

Based on the reasons set forth above, Defendant's motion to dismiss the indictment (ECF No. 64) is denied.

**IT IS SO ORDERED.**

                                              /s/ Bruce Howe Hendricks
                                           United States District Judge

October 26, 2023
Charleston, South Carolina